**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

CORRI GOBIN,
　　　　　Appellant,

　　v.

DEPARTMENT OF THE AIR FORCE,
　　　　　Agency.

DOCKET NUMBER
SF-0752-18-0567-I-1

DATE: June 25, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Ronica Scales, Esquire, and Shaun C. Southworth, Esquire, Atlanta,
　Georgia, for the appellant.

Andrew Joseph Romey, Joint Base Andrews, Maryland, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

　　The appellant has filed a petition for review of the initial decision, which affirmed her removal from Federal service. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The agency removed the appellant from her position based on a single charge of falsification of a medical note. Initial Appeal File (IAF), Tab 1 at 33, Tab 4 at 31, 95-97. The appellant filed an appeal in which she challenged her removal and contended that it constituted disability discrimination and retaliation. The administrative judge found that the agency proved its charge, the appellant failed to prove her affirmative defenses, and the penalty of removal was reasonable.

To prove a charge of falsification, the agency must show by preponderant evidence that the appellant supplied wrong information and knowingly did so with the intention of defrauding, deceiving, or misleading the agency for her own private material gain. *Gardner v. Department of Veterans Affairs*, 123 M.S.P.R. 647, ¶ 11 (2016), *clarified by Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 23-24. The appellant admitted that she altered the medical note, but she denied that she had the intent to deceive the agency. Hearing Recording (HR), Track 4, testimony of the appellant. She alleged that every statement she inserted into the forged note was something that one of her doctors had told her except for the statement that she should not take any tests. *Id.* She admitted that she fabricated that statement. *Id.* The appellant altered a medical

note, included in the alteration a statement that she should not take tests, a statement which she invented on her own, and she submitted it the day before the day she was supposed to take a test she had already failed twice and needed to pass to stay in her position.[2] We find that the administrative judge correctly found that the agency proved its falsification charge.

The administrative judge found that the appellant failed to show that her removal constituted disability discrimination. Initial Appeal File (IAF), Tab 22, Initial Decision (ID) at 12-16. Although the appellant claims that she was entitled to reasonable accommodation, we agree with the administrative judge that the appellant has not shown that she was entitled to reasonable accommodation. This is a misconduct case. The appellant is not entitled to an accommodation that would have prevented her from falsifying the medical note. *Cf. Wilber v. Brady*, 780 F. Supp. 837, 840 (D.D.C. 1992) (stating that the Rehabilitation Act is not designed to insulate disabled individuals from disciplinary actions that would be taken against any employee regardless of her status); *Walsh v. U.S. Postal Service*, 74 M.S.P.R. 627, 634-35 (1997) (finding that Congress intended in the Americans with Disabilities Act (ADA) to require agencies to treat disabled employees the same as non-disabled employees with respect to discipline). Whether the appellant may have been entitled to a reasonable accommodation relating to testing conditions is a matter beyond the Board's purview because the agency's testing schedule and conditions are not adverse actions otherwise appealable to the Board.

We also agree with the administrative judge that the appellant failed to show, based on evidence that was available to the agency at the time it removed her, that she was disabled. To prove disability discrimination, the appellant must

---

[2] The record is unclear as to any deadline for the appellant to have passed the test. It is not clear whether she would have been offered another opportunity to take the test if she had taken it as scheduled and failed. The appellant's supervisor testified that, if she did not eventually get her certification, he did not intend to remove her; he intended to reassign her to a position that did not require the certification. HR, Track 1, testimony of V; IAF, Tab 17 at 16.

first establish that she is an individual with a disability as that term is defined in the ADA Amendments Act and the Equal Employment Opportunity Commission's (EEOC) regulations. *Thome v. Department of Homeland Security,* 122 M.S.P.R. 315, ¶ 24 (2015). The appellant may prove that she has a disability by showing that she has a physical or mental impairment that substantially limits one or more major life activities, has a record of such an impairment, or is regarded as having such an impairment. 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g)(1). An impairment is considered to be a disability if it substantially limits an individual's ability to perform a major life activity as compared to most people in the general population. 29 C.F.R. § 1630.2(j)(1)(ii). The term "substantially limits" is construed broadly in favor of expansive coverage, to the maximum extent permitted under the ADA, and is not meant to be a demanding standard. 29 C.F.R. § 1630.2(j)(1)(i).

At the time of her removal, the appellant was being treated by unnamed specialists for an unknown condition that manifested in skin lesions, visible on her arms and legs. HR, Track 1, testimony of V. After her removal, the appellant, according to her testimony, was diagnosed with a condition we will refer to as "V" due to disease in a major organ. HR, Track 4, testimony of the appellant. There is not a single piece of medical documentation in the record. The appellant has not identified any of the doctors who treated her, nor has she identified their specializations. She has not claimed that she was limited in any major life activity. In fact, she appears to have continued with her normal life as she always had, including maintaining an active practice of scuba diving.

The only limitations the appellant has ever claimed are a sense of mental fogginess and memory problems (in the form of difficulty in retaining new information) as a side effect of medication "P" she took off and on to manage whatever was causing the skin lesions (now known to be V). HR, Track 4, testimony of the appellant. The appellant did not take P consistently; she testified that she stopped taking it several days before the scheduled February 28, 2018

test date. *Id.* There is, again, no medical documentation to substantiate the nature and severity of the side effects she may have been experiencing but, whatever they may have been, she felt alert enough to continue scuba diving even while she was taking her medication. *Id.*

We find that the appellant's condition, as it was known at the time of her removal, i.e., skin lesions, was not a "disability" as defined in the EEOC's regulations at 29 C.F.R. § 1630.2(g)(1)(a) because the appellant did not proffer any medical or anecdotal evidence showing that the lesions substantially limited one or more major life activity. Indeed, she never made such a claim. The appellant's post-removal diagnosis, for which there is no medical documentation, does not establish that the appellant was disabled at the time of her removal. *Cf. Brown v. Department of Health and Human Services*, EEOC Request No. 05921024, 1992 WL 1370708, *8 (1993) ("[T]he agency's accommodation obligation arises only when the disability is known. . . . [T]he Commission must focus on the information available to the decision-maker at the time of her decision, as opposed to any information submitted into the record during the processing of this complaint."). Thus, the appellant's evidence of disability as of the date of the hearing is insufficient to show that she was disabled and that her disability was known to the agency as of the date of her removal.

The appellant's condition, limited solely to the mental fogginess and memory issues she suffered as a side effect of the P as opposed to the condition the P was designed to treat, could arguably constitute a "disability" for purposes of the ADA, even if the underlying condition is not a "disability." *Sulima v. Tobyhanna Army Depot*, 602 F.3d 177, 186-87 (3rd Cir. 2010); *Christian v. St. Anthony Medical Center, Inc.*, 117 F.3d 1051, 1052 (7th Cir. 1997). We agree with the administrative judge that the appellant failed to show that the side effects of her medication were disabling because there was no medical evidence to substantiate her claims that the medication caused impairments that made it difficult for her to focus, learn, and maintain alertness.

In addition, the weight of the evidence shows that these alleged impairments did not manifest in other areas of her job performance, and she did not limit any of her other activities, even those requiring a high degree of alertness and concentration, in particular, scuba diving. HR, Track 1, testimony of V, Track 4, testimony of the appellant. The appellant's supervisor was also a scuba diver and had personal knowledge of the risks and dangers involved in scuba diving and the mental requirements for safe diving, and he personally witnessed the appellant diving. HR, Track 1, testimony of V. In other words, the appellant's claim that she was impaired was uncorroborated by medical evidence or by any other observable indicia.

Regarding the appellant's allegation of retaliation for having engaged in protected activity, a request of reasonable accommodation is protected activity under 42 U.S.C. § 12203(a). *See Southerland v. Department of Defense*, 119 M.S.P.R. 566, ¶ 21 (2013), *overruled on other grounds by Pridgen*, 2022 MSPB 31. In *Pridgen*, 2022 MSPB 31, ¶¶ 46-47, the Board found that the "but-for" standard is applicable to retaliation claims under the Rehabilitation Act, overruling the Board's finding in *Southerland*.

Here, the appellant never used the term "reasonable accommodation" or invoked the agency's reasonable accommodation process, and the agency did not deem her to have requested reasonable accommodation. However, the appellant's supervisor prepared a memorandum for the record in which he stated, "[The appellant] was asked multiple times about how her studies were going and she mentioned that she needed more time due to some new meds that she was taking, which, according to her, did not allow her to concentrate very well." IAF, Tab 13 at 19. This general request for assistance for alleged medical reasons is sufficient to at least trigger the agency's obligation to engage in the interactive process, and as such, it constitutes activity protected under the Rehabilitation Act. The administrative judge correctly found that both the deciding and proposing officials denied that they were aware of any such protected activity. ID at 20.

The proposing official's testimony on this point is incorrect in light of the email message quoted above. He knew about the appellant's protected activity, although he may not have recognized it as such. There is no evidence, however, that the deciding official had any knowledge of any protected activity and, thus, no evidence that his decision was motivated even in part by retaliatory animus.

The appellant contends that the agency's action constitutes reprisal because she refused to comply with her supervisor's instructions to sign a letter. Under 5 U.S.C. § 2302(b)(9)(D), it is a violation of the Whistleblower Protection Act, as amended, to retaliate against an employee for refusing to obey an order that would require the individual to violate a law, rule, or regulation. There is one email on this issue, from the supervisor to the appellant asking her to "please sign the attachment so we can get pass [sic] this." IAF Tab 15 at 58. The name of the attachment, according to the email, is "ITAM Appt Letter 074"; the attachment itself is not in the record. *Id.* The appellant's position, according to her testimony, was that her supervisor was ordering her to sign off on an inventory of computer equipment that had not yet been performed and in the process bestowing on her legal responsibility for any missing equipment as a fiduciary. HR, Track 4, testimony of the appellant. She further testified that doing this would violate an "Air Force Instruction," although she did not know which one, and there is neither any reference to one nor a copy of one in the record.[3] *Id.* The appellant's supervisor testified that the document was merely a letter of appointment which authorized her to conduct an inventory in the first place—as an alternate—and which was required before the inventory could begin. HR,

---

[3] The appellant contends for the first time on review that the pertinent rule is Air Force Instruction 33-112, but she does not provide a copy and she does not explain why she could not have identified this rule before the record closed below. PFR File, Tab 1 at 15. She further contends that the Inspector General (IG) told her not to sign the letter, but her documentation for this statement is her own reply to the notice of proposed removal, not any independent corroboration. *Id.* She has not claimed reprisal for disclosing information to or cooperating with the IG under 5 U.S.C. § 2302(b)(9) (C).

Track 1, testimony of V. The supervisor's testimony on this detail is corroborated by the name of the attachment on the email, as noted above.

The administrative judge found, in any event, that that appellant failed to show that complying with the instruction to sign the letter would have violated a law, rule, or regulation. ID at 23. We agree. The appellant has not provided a copy of the document she was required to sign, she does not provide a citation or copy of the rule she was asked to violate, and she cannot tell the Board what the rule says. The administrative judge correctly found that the appellant did not prove that the agency reprised against her for activity protected under 5 U.S.C. § 2302(b)(9)(D).

Finally, the appellant contends that the penalty of removal was excessive. When all of the agency's charges are sustained, the Board will review the agency-imposed penalty only to determine if the agency considered all the relevant factors and exercised management discretion within tolerable limits of reasonableness. *Adam v. U.S. Postal Service*, 96 M.S.P.R. 492, ¶ 5 (2004). In doing so, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Id.* The Board will modify a penalty only when it finds that the agency failed to weigh the relevant factors or that it clearly exceeded the bounds of reasonableness in determining the penalty. *Id.*

The deciding official testified that he considered the appellant's 6 years of satisfactory service with no prior disciplinary record and the fact that she was going through a period of personal stress at the time she committed her misconduct. HR, Track 3, testimony of S. He testified that these mitigating factors were outweighed by the seriousness of the offense, which was dishonest and deliberate. *Id.* He testified that the appellant had access to sensitive information in her position and that the loss of trust in her integrity was

particularly important. *Id.* He also testified that the appellant had limited potential for rehabilitation and, while she expressed remorse for her misconduct, she did not really accept responsibility for what she did but instead offered excuses. *Id.*

On review, the appellant argues that the penalty of removal is excessive because the deciding official applied a zero-tolerance policy. Petition for Review (PFR) File, Tab 1 at 16-17. This is simply not true. The deciding official testified that he found the appellant's misconduct to be extremely serious and that he would likely be inclined to remove anyone who committed similar misconduct, but that it would depend on the circumstances of the case. HR, Track 3, testimony of S.

The appellant asserts that the deciding official failed to adequately consider her medical condition as a mitigating circumstance. PFR File, Tab 1 at 17. The deciding official considered the appellant's medical condition and found it to be a neutral factor because the appellant provided very little information about it. IAF, Tab 4 at 36.

The appellant avers that the deciding official improperly considered the fact that she failed to complete a form relating to off-duty employment. PFR File, Tab 1 at 17. The record shows that the deciding official found this to be a neutral factor, which means it was not material to his deliberations. IAF, Tab 4 at 36.

Finally, the appellant claims that her misconduct was not intentional. PFR File, Tab 1 at 18. We fail to see any scenario in which the appellant's misconduct could be characterized as accidental or even inadvertent. The appellant's misconduct was clearly deliberate and was committed for the purpose of delaying the test date, likely because she did not expect to pass if she took the test as scheduled.

The foregoing demonstrates that the deciding official considered the factors most relevant to this case enumerated in *Douglas v. Veterans Administration*,

5 M.S.P.R. 280, 305-06 (1981), and reasonably exercised his management discretion. That the appellant wishes that the agency had weighed the *Douglas* factors differently provides no basis for mitigating the penalty.

**NOTICE OF APPEAL RIGHTS**[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** <u>**Judicial review in general**</u>. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          _____
                        Gina K. Grippando
                        Clerk of the Board

Washington, D.C.